IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

JUSTIN WALMER, )
 )
         Plaintiff, )
 ) Case No. 18-CV-629-JED-JFJ
v. )
 )
BRISTOL WEST INSURANCE COMPANY, )
 )
         Defendant. )

**OPINION AND ORDER**

Before the Court is Defendant Bristol West Insurance's Motion to Dismiss and Brief in Support. (Doc. 12). Plaintiff has opposed the Motion, and Defendant has replied. (Docs. 15, 16).

**I.    Background**

As alleged in the Plaintiff's Amended Complaint, in April of 2017, Plaintiff and a third-party were involved in a motor vehicle accident. At the time of the accident, Plaintiff's vehicle was covered under an insurance policy with collision coverage, which was written by the Defendant, Bristol West Insurance Company (Bristol West). (Doc. 1-4 at ¶ 7). Plaintiff submitted a claim under his insurance policy for damage to his vehicle. (*Id*. at ¶ 8). Bristol West responded by requesting that Plaintiff send pictures of his vehicle as a means for Bristol West to calculate a quote for damages. (*Id*.).

While waiting to receive Bristol West's damage estimate, Plaintiff obtained a $10,000 estimate for repairs from Bill Knight Ford. (*Id*. at ¶ 9). Nine days after Plaintiff's accident, Bristol West sent Plaintiff a damage estimate amounting to $4,507.33 and a check for $3,507.33 to cover the damage to his vehicle minus Plaintiff's deductible. (*Id*. at ¶ 10). Plaintiff expressed his dissatisfaction with Bristol West's estimate, claiming that Bill Knight Ford valued the damage to his vehicle significantly higher. (*Id*. at ¶ 11). In response, Bristol West completed a second

evaluation of Plaintiff's vehicle via photograph. (*Id*. at ¶ 12). Bristol West determined Plaintiff's vehicle was a "total loss," with a cash value of $6,552. (*Id*.). Bristol West offered to settle the claim for a total of $5,952.92. (*Id*.).

Plaintiff remained dissatisfied with Bristol West's valuation of his damages and vehicle. (*Id*.). The insurance policy contained a resolution procedure in the event of a dispute over the amount of loss. (*Id*. at ¶ 13). The procedure contemplated submission of an appraisal to a third-party umpire who would ultimately determine the correct value of the vehicle. (*Id*.). Once Plaintiff learned of this option, he attempted to begin the process with Bristol West, but Bristol West never responded to his attempts to initiate the resolution process. (*Id*. at ¶ 15).

Plaintiff then filed this lawsuit in the Tulsa County District Court on October 10, 2018 (Doc. 1-1), and thereafter filed an amended petition (Doc. 1-4). The Amended Petition asserts claims for breach of contract and bad faith. Defendant removed the action to this Court based on diversity jurisdiction, as the parties are of diverse citizenship and Plaintiff seeks in excess of $75,000 in damages. (*See* Doc. 1, Doc. 1-1 at 6). Bristol West has filed an Answer in response to Plaintiff's breach of contract claim, but seeks dismissal of Plaintiff's bad faith and punitive damages claims under Fed. R. Civ. P 12(b)(6). (Doc. 12).

## II. Legal Standard

In considering a Rule 12(b)(6) dismissal motion, a court must determine whether the plaintiff has stated a claim upon which relief may be granted. See Fed. R. Civ. P. 12(b)(6). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim to show that the pleader is entitled to relief." Supreme Court precedent for pleading requirements is articulated in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007). The *Twombly* pleading standard is applicable to all civil actions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009).

*Twombly* requires that a complaint provide "more than labels and conclusions and a formulaic recitation of the elements of a cause of action." 550 U.S. 544, 555-56. The standard does "not require a heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face," and the factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 555-56, 570 (citations omitted). In considering a dismissal motion, the court must accept all the well-pleaded factual allegations of the complaint as true, even if doubtful, and must construe the allegations in the light most favorable to the plaintiff. *See Twombly*, 550 U.S. at 555; *Alvarado v. KOB–TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007).

### III. Discussion

Bristol West argues that Plaintiff's pleading provides "nothing more than conclusory allegations unsupported by allegations of fact. . . ." (Doc. 12 at 2). Bristol West also seeks dismissal of Plaintiff's request for punitive damages, arguing that Oklahoma law excludes punitive damage awards arising solely from breach of contract actions. *Wilspec Technologies, Inc. v. DunAn Holding Group, Co., Ltd.*, 2009 OK 12, ¶ 17, 204 P.3d 69, 74. Consequently, if Plaintiff's bad faith claim is dismissed, then Plaintiff may not recover punitive damages.

Under Oklahoma law, an insurer has an implied-in-law duty to act in good faith and deal fairly with its insured to ensure that the policy benefits are received, and a violation of that duty gives rise to an action in tort. *Bannister v. State Farm Ins. Co.*, 692 F.3d 1117, 1123 n.8 (10th Cir. 2012); *Badillo v. Mid Century Ins. Co.*, 121 P.3d 1080, 1093 (Okla. 2005); *Christian v. American Home Assur. Co.*, 577 P.2d 899, 901-5 (Okla. 1978). A prima facie case against an insurance company for a bad faith delay in payment requires plaintiffs to establish the following:

> (1) [The] claimant was entitled to coverage under the insurance policy at issue; (2) the insurer had no reasonable basis for delaying payment; (3) the insurer did not deal fairly and in good faith with the claimant; and (4) the insurer's violation of its duty of good faith

3

> and fair dealing was the direct cause of the claimant's injury. The
> absence of any one of these elements defeats a bad faith claim.

*Beers v. Hillory*, 241 P.3d 285, 292 (Okla. Ct. Civ. App. 2010) (internal citations omitted). Oklahoma courts have recognized that the second element may be proven by presenting evidence that (i) the insurer "did not perform a proper investigation," (ii) that the insurer "did not evaluate the results of the investigation properly," or (iii) that the insurer "had no reasonable basis for the refusal." *Bannister*, 692 F.3d at 1126-27.

Plaintiff alleges that Bristol West's conduct amounts to bad faith because, among other things, Bristol West "fail[ed] to fully pay Plaintiff the benefits he was entitled [to] under the policy of insurance at a time when Defendant knew Plaintiff was entitled to those benefits." (Doc. 1-4, ¶ 28(a)). Plaintiff further asserts that Bristol West did not conduct a proper investigation and "unreasonably delay[ed] payment of benefits without reasonable basis." (*Id*.). When considered in light of the specific factual allegations of Plaintiff's pleading, it is clear that Plaintiff has stated a claim for insurance bad faith. His pleading provides the specific facts and amounts offered in comparison to the damage appraisal that Plaintiff obtained, and his complaint sets out the alleged chronology of events and ultimately Bristol West's refusal to enter into the dispute resolution process under the policy.

Bristol West attempts to analogize the current case to two Western District of Oklahoma cases in which courts granted motions to dismiss insurance bad faith claims. *Daily v. USAA Cas. Ins. Co.*, 2014 WL 12729172 (W.D. Okla. Nov. 19, 2014); *A & B Stores, Inc. v. Employers Mutual Casualty Co.*, 2015 WL 1014808 (W.D. Okla. Mar. 9, 2015). However, both cases are distinguishable. In *Daily*, the court articulated a list of facts the plaintiff failed to plead. For example, "Plaintiff alleges that defendant breached its duty by 'failing to pay the full and fair amount,' but identifies neither the amount that ought to have been paid, the basis for her

4

calculation, nor the amount that was actually paid." *Daily v. USAA Cas. Ins. Co.*, 2014 WL 12729172, at *1 (W.D. Okla. Nov. 19, 2014). Conversely, in the present case, Plaintiff identified the amount he thought he should be paid ($10,000 based on Bob Knight's estimate), and the amount Bristol West offered him ($5,952.92). (Doc. 1-4, ¶¶ 9, 12). Further, the court in *Daily* reasoned that the plaintiff should plead what "coverages and benefits" the defendant failed to communicate. *Daily* at *1. Plaintiff in the present case identifies the third-party appraisal option as a policy benefit that Bristol West denied him. (Doc. 1-4, ¶¶ 13-4).

*A & B Stores, Inc.* is also distinguishable from the present case. In *A & B Stores, Inc.* the Court faulted the plaintiff for its argument that ". . . a disparity in payment alone is enough to allege bad faith." *A & B Stores, Inc. v. Employers Mutual Casualty Co.*, 2015 WL 1014808, at *2 (W.D. Okla. Mar. 9, 2015). However, in the current case, Plaintiff alleges more than disparity in payment. For example, Plaintiff asserts that he was entitled to the benefit of a third-party appraisal option under the insurance policy, which he did not receive. (Doc. 1-4, ¶¶ 13-4). Plaintiff also alleges that Bristol West failed to comply with his attempts to contact them regarding the third-party appraisal option. (*Id*. at ¶ 14). In addition, Plaintiff's pleading alleges specific facts regarding Bristol West's alleged failure to conduct an appropriate investigation, as well as an alleged delay in payment.

## IV. Conclusion

For the reasons stated herein, the Plaintiff has stated a claim for bad faith, and the Motion to Dismiss (Doc. 12) is **denied**.

SO ORDERED this 12th day of February, 2019.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE

5